IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,

    Plaintiff,                      No. CIV S-05-0955 MCE DAD P

    vs.

ARNOLD SWARZENEGGER, et al.,     <u>ORDER AND</u>

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se with an action seeking relief pursuant to 42 U.S.C. § 1983. The action has been referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        By order filed June 14, 2005, plaintiff was granted thirty days to submit a properly completed application to proceed in forma pauperis. On July 8, 2005, plaintiff submitted a new in forma pauperis application as an exhibit to a document in which he requests service of process by the United States Marshal.

        Plaintiff's new in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). The Clerk of the Court will be directed to file the application as a separate document, and the application will be granted. Plaintiff is nevertheless required to pay the statutory filing fee of $250.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(b)(1) & 1915(h).

An initial partial filing fee of $27.38 will be assessed. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's jail trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to his trust account. These payments are to be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Federal district courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of each defendant and the deprivations alleged to have been suffered by the plaintiff. See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The plaintiff in this case is confined in San Bernardino County. Plaintiff lists the following defendants: Arnold Schwarzenegger, governor of the State of California; John/Jane Doe, director of the California Department of Corrections; John/Jane Doe, chairperson of the California Board of Prison Terms; Gary S. Penrod, deputy sheriff at the West Valley Detention Center; and D. Newman, deputy sheriff at the West Valley Detention Center. Plaintiff alleges that the governor was acting under color of state law through "municipalities, charters, business & public entities, polices [sic], practices, customs, procedures"; that the director of the CDC is "responsible for rules, regulations, polices [sic], procedures, customs"; that the chairperson of the BPT is "responsible for operational procedures, practices, customs, regulations, parole hearings"; and that defendants Penrod and Newman were acting as deputy sheriffs. All five defendants are sued in their individual and official capacities.

Plaintiff asserts six claims: (1) deliberate indifference to a prior physician's orders and denial of medical treatment, medications, diagnosis, programs, etc.; (2) excessive use

of force, causing plaintiff pain and suffering, body disfigurement, and long lasting permanent injuries; (3) denial of access to the courts, violating plaintiff's pro per rights and rights under the Americans With Disabilities Act, disobeying court orders, and denying plaintiff his right to exercise <u>Faretta</u> privileges; (4) illegal search and seizure of personal property by means of a void search warrant; (5) deliberate indifference to whether constitutional rights enjoyed by white citizens are given effect; and (6) cruel and/or unusual punishment by use of mechanical restraints and corporal punishment. (Compl. at 5.)

Plaintiff's factual allegations are contained in sixteen paragraphs describing events that occurred in San Bernardino County after plaintiff was arrested on February 23, 2005: an assault by a deputy on March 7, 2005; inaction by internal affairs staff regarding the March 7, 2005 incident; interference with plaintiff's attempt to take legal documents to court on March 16, 2005; the refusal of law library staff to grant plaintiff access to the law library on March 10, 2005, and for several weeks thereafter; plaintiff's placement in administrative segregation on March 22, 2005, after he refused to return to his cell; a complaint plaintiff submitted to defendant Penrod and another individual on March 20, 2005, concerning conditions of confinement; a complaint sent to internal affairs on April 20, 2005, concerning conditions of confinement; a complaint sent to defendant Penrod and another individual on May 3, 2005, concerning conditions of confinement; a complaint sent to defendant Penrod on April 26, 2005, concerning conditions of confinement; a complaint submitted to defendant Penrod on an unspecified date concerning injuries suffered by plaintiff during his arrest on February 23, 2005; the observations of the physician who treated plaintiff on March 18, 2005; plaintiff's "contact" with the director of the CDC, the chairperson of the BPT, and others on March 28, 2005, concerning plaintiff's custody; plaintiff's "notice" to the governor, the director of the CDC, the chairperson of the BPT, and others on March 1, 2005, that the parole process is unconstitutional; plaintiff's complaints to defendant Penrod and others between February 28, 2005, and May 4, 2005, concerning restraints used on plaintiff during transportation to and from court; plaintiff's requests for medication and

mental health services beginning on February 28, 2005, and continuing for two and a half months; and the failure of plaintiff's court-appointed investigator to perform services. (Compl. at 5 & Attachs. 1-5.) Plaintiff seeks a declaration of his rights, $100 million dollars in damages, punitive damages, and costs. (Compl. at 6.)

Only three of the defendants reside within the Eastern District of California: the governor, the director of the CDC, and the chairperson of the BPT. Plaintiff has sued these three individuals under a theory of respondeat superior and has failed to allege facts that link these elected and appointed officials to the alleged violations of plaintiff's rights in San Bernardino County. Plaintiff's vague and conclusory allegations that he "contacted" two of these defendants on March 28, 2005, and "sent notices" to all three on March 1, 2005, are insufficient to establish a causal link between these defendants and the alleged constitutional violations. Plaintiff has failed to show that these three defendants can be held liable under § 1983 for the actions of county employees alleged to have violated plaintiff's rights in numerous ways.

In the absence of facts demonstrating the requisite causal link, plaintiff's claims against the governor, the director of the CDC, and the chairperson of the BPT are legally frivolous and should be dismissed. The vagueness of plaintiff's claims against the supervisorial defendants demonstrates that plaintiff cannot cure the defects of his complaint as to those three defendants. For this reason, the court will not dismiss plaintiff's complaint with leave to amend.

With the dismissal of all defendants who reside in the Eastern District of California, venue is no longer proper in this court. The records of the United States District Court for the Central District of California reveal that plaintiff has filed numerous civil rights complaints in that court and that Gary Penrod, Sheriff of San Bernardino County, and his employees have been named as defendants in many of plaintiff's complaints.[1] Plaintiff recently commenced case No. CIV 05-0746 CAS JWJ (C.D. Cal.) (filed Aug. 10, 2005), a civil rights

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

case in which he has sued the San Bernardino County Sheriff's Department, Sheriff Penrod, and numerous other defendants regarding the conditions of his confinement.  In that action, the court has ordered defendants to respond to plaintiff's motion for preliminary injunctive relief.  Plaintiff previously filed a federal habeas petition concerning the validity of his detention.  The habeas case, No. EDCV 05-267-PA (JWJ) (C.D. Cal.), was dismissed without prejudice on April 6, 2005 for failure to exhaust state court remedies before filing the federal habeas petition.  In light of plaintiff's extensive litigation in the United States District Court for the Central District of California, the interests of justice do not require the transfer of this civil rights action to a court in which plaintiff has proceeded and is proceeding on claims concerning the validity of his confinement and the conditions of his confinement.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's five-page application to proceed in forma pauperis, submitted as an exhibit to the notice filed July 8, 2005, shall be filed as a separate document with a July 8, 2005 filing date;

2. Plaintiff's July 8, 2005 application to proceed in forma pauperis is granted;

3. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $27.38.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of San Bernardino County, filed concurrently with this order;

4. Plaintiff's July 8, 2005 request for service of process is denied; and

IT IS RECOMMENDED that:

1. Plaintiff's claims against all defendants residing within the Eastern District of California be dismissed with prejudice as legally frivolous;

2. Plaintiff's claims against all other defendants be dismissed without prejudice to the pursuit of those claims in a court where venue is proper; and

3. This action be dismissed.

1   These findings and recommendations will be submitted to the United States
2 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
3 twenty days after being served with these findings and recommendations, plaintiff may file
4 written objections with the court. A document containing such objections should be titled
5 "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that
6 failure to file objections within the specified time may, under some circumstances, waive the
7 right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: September 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brow0955.56